■ ILLINOIS MCGRAW ELECTRIC Co., Respondent-Appellant, v. JOHN J. WALTERS, INC., Appellant-Respondent.— In an action to recover $7,507.65 for goods sold and delivered, the answer admits, by failure to deny, the material allegations of the complaint except the allegation that the amount demanded is now due and owing. The answer further sets forth three defenses, two of which are pleaded also as counterclaims. Defendant appeals from so much of an order as dismissed, on plaintiff's motion, the first defense and counterclaim with leave to replead to a specific, limited extent; plaintiff appeals from so much of that order as denied its motion for summary judgment striking out the answer on the ground that the defenses and counterclaims set forth therein were insufficient in law. Order modified by striking therefrom the second ordering paragraph and by substituting therefor provisions that plaintiff's motion for summary judgment be granted in the amount of $6,783.19 and that the action be severed in other respects. As thus modified, order affirmed, without costs. Defendant had a franchise agreement with the Coolerator Company, a division of International Telephone and Telegraph Corporation, to sell and service certain electrical appliances as a distributor in a designated territory. After the making of such agreement I. T. & T. sold the assets and business of Coolerator to plaintiff. Defendant contends that plaintiff assumed all the obligations, duties and responsibilities of I. T. & T. to defendant under the franchise agreement and that plaintiff breached that agreement by selling Coolerator products in defendant's territory and by refusing to service appliances. It was properly held at the Special Term that plaintiff has no general obligation to defendant under the franchise agreement. It was also properly held that there is a triable issue as to whether plaintiff owes any obligation to defendant under the second paragraph of clause "D" of the memorandum of sale (executed between plaintiff and I. T. & T.), which refers to "warranties" and "servicing activities". On the motion by plaintiff for summary judgment the showing is sufficient to require defendant to produce evidence sufficient to show the existence of a triable issue. Defendant has produced evidence showing service and repair expense totaling $724.46. Wenzel, Beldock, Murphy and Ughetta, JJ., concur; Nolan, P. J., dissents from the modification which strikes from the order the second ordering paragraph and substitutes therefor provisions granting plaintiff's motion for summary judgment in the amount of $6,783.19 and severing the action in other respects and votes (1) to modify the order by striking therefrom the first ordering paragraph and by substituting therefor a pro-

vision denying plaintiff's motion to dismiss the first defense and counterclaim and (2) to affirm the order as so modified, with the following memorandum: It is my opinion that the first defense and counterclaim is sufficient as a pleading and that the motion for summary judgment was properly denied. Settle order on notice.